■ LAWRENCE LEIBOWITZ, Appellant, v ST. LUKE'S-ROOSEVELT HOSPITAL CENTER et al., Respondents. [722 NYS2d 164] —Order, Supreme Court, New York County (Jane Solomon, J.), entered January 14, 2000, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's causes of actions sounding in libel per se and slander per se were properly dismissed by the motion court since the statements made by defendants Benn and Eden were, by plaintiff's own admission, substantially true and therefore not actionable (*see, Guccione v Hustler Mag.*, 800 F2d 298, 301; *Fairley v Peekskill Star Corp.*, 83 AD2d 294). Also properly dismissed was plaintiff's cause for intentional infliction of emotional distress since it is plain that the complained of statements were neither outrageous nor made with the requisite intent to cause plaintiff emotional injury (*see, Howell v New York Post Co.*, 81 NY2d 115). Nor is there any triable issue with respect to plaintiff's claims alleging that defendant hospital was negligent in investigating the alleged libelous and slanderous statements. Contrary to plaintiff's arguments, the hospital was under no duty to investigate the truth of the complained statements, entries by a nurse in a patient's hospital chart, prior to releasing the chart pursuant to plaintiff's request for use in a Mental Hygiene Law article 81 proceeding commenced by plaintiff. Moreover, since the subject statements were substantially true, their nonverification cannot have been damaging to plaintiff.

We have reviewed plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.